**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BLOCK 60 HOLDINGS LLC,

        Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　　Case No.  3:13-cv-1397-J-34PDB

AUTO-OWNERS INSURANCE COMPANY,

        Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  On November 12, 2013, Defendant, Auto-Owners Insurance Company ("Auto-Owners"), filed its Notice of Removal (Doc. No. 1; Notice), removing this case from the Circuit Court of the Third Judicial Circuit, in and for Suwannee County, Florida.  See Notice at 1.  In the Notice, Auto-Owners asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332.  See id. at 2.  Specifically, Auto-Owners alleges that the Court has diversity jurisdiction over this action because Plaintiff, Block 60 Holdings LLC ("Block 60 Holdings"), is a Florida limited liability company, while Auto-Owners "is a foreign corporation with its principal headquarters in Lansing, Michigan."  See id. at 1.  However, because Auto-Owners has failed to identify the citizenship of Block 60 Holdings's members, the Court determines that Block 60 Holdings's citizenship is not properly alleged in the Notice.  Additionally, because Auto-Owners has failed to disclose its place of incorporation, Auto-Owners's citizenship is also not properly alleged in the Notice.  Therefore, the Court's subject matter jurisdiction over the action is not

established.

Federal courts are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland, 243 F.3d at 1280. The party removing an action originally filed in state court to federal court bears the burden of proving that federal jurisdiction exists. See Williams, 269 F.3d at 1319; Kirkland 243 F.3d at 1281, 1281 n.5.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of a limited

liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity. See id. Since Block 60 Holdings is a limited liability company, Auto-Owners must identify the citizenship of each of Block 60 Holdings's members.

Auto-Owners's allegations as to its own citizenship are also deficient. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Accordingly, the allegation that Auto-Owners "is a foreign corporation with its principal headquarters in Lansing, Michigan" is insufficient to disclose Auto-Owners's citizenship—indeed, it does not disclose where Auto-Owners has been incorporated. See Hertz, 130 S.Ct at 1185.

In light of the foregoing, the Court will give Auto-Owners an opportunity to identify Block 60 Holdings's and its own citizenship, and that this Court may properly exercise jurisdiction over the instant action. Auto-Owners should provide adequate allegations regarding Block 60 Holdings's citizenship as a limited liability company, as well as Auto-Owners's place of incorporation. Accordingly, it is hereby **ORDERED**:

Defendant Auto-Owners shall have until **December 18, 2013**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of November, 2013.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record