**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BLOCK 60 HOLDINGS LLC,

    Plaintiff,

vs.                                                Case No. 3:13-cv-1397-J-34PDB

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action by filing a two-count Complaint for Breach of Contract (Doc. No. 2; Amended Complaint) in state court. On November 12, 2013, Defendant removed the action to this Court. See Notice of Removal (Doc. No. 1; Notice). Upon review, the Court finds that the Amended Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count II of the Amended Complaint incorporates all the paragraphs of the preceding count. See Complaint at 5.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's Amended Complaint for Breach of Contract (Doc. No. 2) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **December 18, 2013**.  Failure to do so may result in a dismissal of this action without prejudice.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida, on this 19th day of November, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc18

Copies to:

Counsel of Record