**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BLOCK 60 HOLDINGS LLC,

                Plaintiff,

-vs-                                        Case No.  3:13-cv-1397-J-34PDB

AUTO-OWNERS INSURANCE COMPANY,

                Defendant.
_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  On November 12, 2013, Defendant, Auto-Owners Insurance Company ("Auto-Owners"), filed its Notice of Removal (Doc. No. 1; Notice), in which Auto-Owners asserted that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. See Notice at 2.  Specifically, Auto-Owners alleged that the Court has diversity jurisdiction over this action because Plaintiff, Block 60 Holdings LLC ("Block 60 Holdings"), is a Florida limited liability company, while Auto-Owners "is a foreign corporation with its principal headquarters in Lansing, Michigan." See id. at 1. However, Auto-Owners failed to properly allege Block 60 Holdings's citizenship because it did not identify the citizenship of Block 60 Holdings's members.  Additionally, Auto-Owners failed to properly allege its own citizenship because it did not disclose its place of incorporation.  As such, the Court entered an Order directing Auto-Owners to provide the Court with Block 60 Holdings's and its own citizenships (Doc. No. 4; November 19, 2013 Order). See generally November 19, 2013 Order.  In response, Auto-Owners filed

Defendant, Auto-Owners Insurance Company's Disclosures (Doc. No. 8; Auto-Owners's Disclosures), in which Auto-Owners disclosed its own and Southern-Owners Insurance Company's ("Southern-Owners") states of incorporation[1]. See Auto-Owners's Disclosures at 1. Auto-Owners also disclosed that "[t]he only known member of" Block 60 Holdings is Charles R. Thomas ("Thomas"), and provided Thomas's address. See id. at 2. These disclosures were insufficient for the Court to determine whether it has subject matter jurisdiction over this action.[2] As such, the Court held a Telephonic Status Conference on January 28, 2014, to address this matter (Doc. No. 20; Clerk's Minutes). At the Telephonic Status Conference, the Court directed the parties to file a joint notice establishing the Court's jurisdiction. See Clerk's Minutes. The parties filed the Joint Notice Establishing Court's Jurisdiction (Doc. No. 22; Joint Notice) on February 6, 2014. See generally Joint Notice. However, the Joint Notice, once again, fails to properly allege the citizenship of Block 60 Holdings's members.[3] Therefore, Court will give the parties one final opportunity to provide this information.

In the Joint Notice, the parties provide the address for "Charles R. Thomas and his

---

[1] On December 30, 2013, Block 60 Holdings filed its Third Amended Complaint, adding Southern-Owners as a defendant (Doc. 21; Third Amended Complaint).

[2] Auto-Owners properly alleged its own state of incorporation. See Auto-Owners's Disclosures at 1. However, because Auto-Owners did not identify Southern-Owners's principal place of business, Auto-Owners failed to provide adequate notice of Southern-Owners's citizenship. See Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Auto-Owners also failed to properly allege Block 60 Holdings's citizenship because it did not properly identify Thomas's citizenship. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

[3] The Joint Notice alleges Southern-Owners's principal place of business as Michigan. See Joint Notice at 1. Therefore, the Joint Notice properly identifies Southern-Owners's citizenship.

wife, Myra Thomas," and assert that these individuals "are residents of the State of Florida and the only members of" Block 60 Holdings. Joint Notice at 1. However, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Thus, although the Joint Notice identifies the residences of Block 60 Holdings's members, the parties have failed to sufficiently allege the citizenship of Block 60 Holdings as a limited liability company because "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Since the Joint Notice fails to identify the citizenships of Block 60 Holdings's members, the parties have failed to allege the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Defendant Auto-Owners one final opportunity to identify Block 60 Holdings's citizenships. Accordingly, it is hereby **ORDERED**:

Defendant Auto-Owners shall have until **March 10, 2014**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of February, 2014.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record